# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **CHARLES A. BROWN, LISA M. BROWN and RONALD L. COLLINS,** | ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) Case No.: 4:12-CV-294-VEH |
| | ) ) |
| **TENNESSEE VALLEY AUTHORITY,** | ) ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM OPINION

Now pending before the court is Defendant's Motion To Dismiss. (Docs. 26 and 27). Plaintiffs have opposed (doc. 28) the Motion. Defendant has replied. (Doc. 30). On June 16, 2012, this court ordered the parties to brief whether this case presents a justiciable case or controversy, such that this court has jurisdiction. (*See* Order, doc. 31).

Specifically, the court stated:

> The court questions whether there is a present case or controversy. Specifically, it appears that Plaintiffs and Defendant agree that:
>
> 1. Plaintiffs have not been denied any permits;
> 2. The Neighbors' Permits have expired due to the permit-holders' failure to begin construction within the time set by the Permits; and

    3. No one has alleged that the any person is likely to seek a permit for the area that was the subject of the Neighbors' Permits.

(*Id*, p. 2.).

The parties responded to the court's Order. On July 8, 2012, Plaintiffs filed a Reply to Court's Request. (Doc. 32). On July 9, 2012, TVA filed a Brief Concerning Ripeness of Plaintiffs' Claims. (Doc. 33).

    Oral argument was held on July 17, 2012.

    Having considered the entire file, including the parties' arguments as set out in their briefs and orally supplemented, the court finds that TVA's Motion is due to be granted and this action is due to be dismissed without prejudice for lack o jurisdiction.

## I.    The Plaintiffs' Claims[1,2]

    This case involves the claims of three individual plaintiffs, Charles A. Brown and Lisa M. Brown, who are husband and wife, and Ronald L. Collins, against one governmental entity-defendant, the Tennessee Valley Authority ("TVA"). As clarified during oral argument, all of the claims of all of the plaintiffs sound in tort. Further, they

---

[1] The statement of claims is taken from Plaintiffs' Amended Complaint, doc. 23. Additionally, for purposes of this Opinion, the court has assumed that all of the factual allegations in the Amended Complaint are true.

[2] TVA attached multiple documents to its Motion To Dismiss. The court finds, and Plaintiffs' counsel expressly agreed at the hearing, that the documents that were attached are all documents that the court can take judicial notice of and therefore do not convert the Motion To Dismiss into a motion for summary judgment.

all arise out of oral statements made by Richard Thrasher, an agent and employee of TVA, to Plaintiff Charles Brown, erroneously stating that TVA "could not" issue a permit allowing Charles Brown to build, at his preferred site on TVA-owned land adjacent to Lake Guntersville, a boathouse. Plaintiffs Charles Brown and Lisa Brown owned land adjacent to that preferred site.

Relying on Mr. Thrasher's statement, the Browns did not file an application for a permit to build a boathouse at the Browns' preferred location. Instead, Mr. Brown

> made costly revisions to his plans for the property, especially his building plans, applying for and receiving a permit off the west side of the property with a boathouse extending considerably more parallel to Highway 79. He was also forced to modify a proposed subdivision to his parcel so that boathouses could be built in the areas "allowed" by [TVA]. This modification, costly itself, significantly decreased the value of each lot owned by Mr. [and Mrs.] Brown.

(Amended Complaint, doc. 23, ¶ 6.).

Additionally, relying on Mr. Thrasher's misrepresentation, the Browns sold one of their lake lots to a third party at a lower price because of the devaluation of the lots alleged in the Amended Complaint. The third party later sold that lake lot to Plaintiff Ronald L. Collins.

Mr. Thrasher is "an employee and agent of TVA." His statements were "misrepresentations." Mr. Thrasher made the misrepresentations to Charles Brown. He did not make them to Lisa M. Brown or to Ronald L. Collins. All three plaintiffs

"reasonably relied on" those misrepresentations. All of the lots in question, including those owned by the Browns, the lot owned by Ronald L. Collins, and those owned by the "Neighbors" (as that term is used in the Amended Complaint), directly adjoin land owned by TVA. That is, there is no intervening landowner between any of the lots at issue and TVA-owned land.

At argument, Plaintiffs' counsel agreed that Ronald L. Collins did not suffer any money damages caused by Mr. Thrasher's "misrepresentation." Mr. and Mrs. Brown claim certain monetary losses caused by Mr. Thrasher's misrepresentation.

As expressly confirmed by Plaintiffs' counsel during questioning by the court at the hearing, none of the Plaintiffs allege that Mr. Thrasher or any other TVA agent promised, either explicitly or implicitly, not to allow any structures to be built in the location where Mr. Brown preferred to build his boathouse. No boathouse has been built by anyone in the location where Mr. Brown preferred to build his boathouse. No one has any currently-in-force permit to build a boathouse in that location.

The Plaintiffs seek monetary damages, a declaration that TVA cannot issue permits to build on the land at issue, and an order enjoining TVA from issuing permits on that land.

## II.   Cases or Controversies

This court's judicial authority is limited by the Constitution to resolution of

"cases" and "controversies." U.S. Const. art. III, § 2. A federal court has the obligation to review *sua sponte* whether it has subject matter jurisdiction under Article III's case-or-controversy requirement. *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir.2003) (citing *Juidice v. Vail*, 430 U.S. 327, 331, 97 S.Ct. 1211, 1215, 51 L.Ed.2d 376 (1977)). In order to establish that it has constitutional standing to bring a suit:

> a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
>
> *Friends of the Earth, Inc. v. Laidlaw Envt'l. Servs. (TOC), Inc.*, 528 U.S. 167, 180–181, 120 S.Ct. 693, 704, 145 L.Ed.2d 610 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992)). If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction. *See CAMP Legal Def. Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1277 (11th Cir.2006); *De La Teja v. United States*, 321 F.3d 1357, 1362 (11th Cir.2003).

*Florida Wildlife Federation, Inc. v. South Florida Water Management Dist.*, 647 F.3d 1296, 1302 (11th Cir.2011).

### III.  Analysis

#### A.  Ronald L. Collins

Plaintiff Ronald L. Collins lacks standing to bring the instant lawsuit. No

misrepresentation is alleged to have been made to him. No damage is alleged to have been suffered by him as a result of the alleged misrepresentation. Therefore, as his counsel concedes, he has no claim for monetary damages.

He also has no claim for declaratory and injunctive relief. The Amended Complaint alleges that the complained-of "Neighbors Permits" have expired. Therefore, any claims related to those permits is moot. Further, the mere possibility that the "Neighbors" might apply for another permit in the future is "too speculative to prevent mootness." *See Nat'l Parks Conservation Ass'n v. U.S. Army Corps of Eng'rs*, 574 F. Supp. 2d 1314, 1324 (S.D. Fla. 2008) (citing *B&B Chem. Co. v. EPA*, 806 F.2d 987, 980 (11th Cir. 1986)). Additionally, even if the Neighbors sought to have their permits reinstated, Plaintiffs would have the opportunity to seek judicial review of those permits.[3]

### B. Charles A. Brown and Lisa M. Brown

Although both Mr. and Mrs. Brown allege that they have suffered money damages, neither of them has asserted any facts to show that their alleged losses are "fairly traceable" to TVA. *See Florida Wildlife Federation, Inc. v. South Florida Water Management Dist.*, 647 F.3d at 1302. Plaintiffs allege that they never applied

---

[3] In reaching this conclusion, this court offers no opinion as to whether or not the Plaintiffs would persuade the reviewing court to rescind or enjoin the permit, merely that there would be sufficient <u>time</u> to ask a court to do so.

for a permit to build a boathouse in the desired location. Any misrepresentation by Mr. Thrasher, acting within his scope of employment for TVA, as to whether or not a permit "could" be issued by TVA does not create liability on the part of TVA because, as a matter of law, those statements were outside of Mr. Thrasher's authority.[4] Section 26a permitting is a discretionary function of TVA. *See Alabama-Tennessee Forest Resources Ltd. P'ship v. TVA*, No. CV 93-N-2713-NE, Mem. Op. At 17 (N.D. Ala. Mar. 30, 1995).[5] And, "[a]lthough TVA generally is subject to suit, courts have held that TVA cannot be subject to liability when engaged in ... discretionary governmental functions." *North Alabama Electric Cooperative. v. TVA*, — F .Supp. 2d —, 2012 WL 1943624 at *6 (N.D. Ala.) (citing *Peoples National Bank of Huntsville, Alabama v. Meredith*, 812 F.2d 682, 685 (11th Cir 1987) (internal quotations marks and citations omitted). Therefore, neither Charles A. Brown nor Lisa M. Brown have alleged any facts that would support damages "fairly traceable" to TVA. Thus, they lack standing to assert such claims.

For the same reasons as set out above in subsection A., any claim of Charles A. Brown or Lisa M. Brown as to possible future permits that might be applied for by and

[4] Section 26a permit decision are made pursuant to a formal application process. *See* 18 C.F.R. §§ 1304.2 - 1304.11 (2012). At the time the alleged misrepresentation was made, the power to decide section 26a permit applications was vested in the Director of Land and Forest Services of TVA, subject to appeal to the TVA Board. *See* 18 C.F.R. § 1304.101 (1979).

[5] Attachment 6 to TVA Brief, doc. 27.

issued to the Neighbors is moot.

## IV. Conclusion

Because, under the facts asserted by Plaintiffs, none of them have standing to assert any claim for money damages, and because the asserted claim for declaratory or injunctive relief is moot, there is no case or controversy. Accordingly, the Motion To Dismiss is due to be granted and, by separate order, this case will be dismissed without prejudice for lack of jurisdiction. *See Stalley v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir.2008) (when a case is dismissed for lack of jurisdiction, the dismissal must be without prejudice.).

**DONE** this the 25th day of July, 2012.

*/s/ V.E. Hopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge